*1098
 
 OPINION
 

 Per Curiam:
 

 Appellant Darwin Doud (Doud) was brutally attacked when he
 
 *1099
 
 entered his motorhome which was parked in the Race and Sports Book parking lot of the Las Vegas Hilton Hotel and Casino (the Hilton). The attacker shot Doud in the head and chest after he burglarized his motorhome. Doud filed a complaint that alleged the Hilton was negligent in failing to provide sufficient security to avert the attack. After a querulous and protracted course of discovery, the district court granted the Hilton’s motion for summary judgment on the grounds that the criminal assault on Doud was unforeseeable as a matter of law. We conclude that the district court erred in granting the Hilton’s motion for summary judgment as there are genuine issues of material fact as to whether the Hilton’s security was negligent and whether any such negligence was a proximate cause of Doud’s injuries. Accordingly, we vacate the award of costs to the Hilton, and reverse and remand for a new trial on the merits.
 

 FACTS
 

 Doud was a regular patron of the Las Vegas Hilton Race and Sports Book (Sports Book). On the evening of February 6, 1988, at approximately 7:00 p.m., Doud left the casino to return to his motorhome, which was parked in the Race and Sports Book parking lot. After Doud entered his darkened motorhome, he was attacked by Monaghan, who had gained entry by smashing a window of the motorhome with a hammer. Monaghan beat Doud about the face and head, robbed him, and ultimately shot him in the head and chest. Monaghan fled the scene and was later apprehended by Las Vegas police officers while hiding in a nearby garbage dump. Monaghan is currently incarcerated for his crimes against Doud.
 

 In April of 1988, Doud filed a complaint that alleged, inter alia, that the Hilton was negligent in failing to provide adequate security to prevent the attack and sought money damages for personal injuries suffered secondary to the assault and attempted murder. Hilton’s answer denied all allegations and asserted various affirmative defenses. During an incredibly odious course of discovery, Doud filed four motions to strike Hilton’s answer based upon alleged discovery abuse. The district court adopted the Discovery Commissioner’s recommendations on each motion, and did not strike Hilton’s answer, but rather awarded alternate sanctions.
 

 During Doud’s deposition, Doud stated that he had no reason to be concerned for his own safety when he approached his motorhome the evening of the attack as nothing looked suspicious or out of the ordinary to him. Hilton subsequently filed a motion for summary judgment based on Doud’s testimony, arguing that the criminal assault on Doud was neither probable nor foreseeable as a matter of law, and that liability could not be imposed on
 
 *1100
 
 Hilton for an unforeseeable criminal attack. On June 5, 1992, the district court entered summary judgment for the Hilton, the complaint was dismissed with prejudice, and Doud’s motion to amend his complaint was denied. Doud’s subsequent motion for rehearing and reconsideration of the granting of summary judgment was also denied. The district court also denied, in part, Doud’s motion to retax and settle costs. This appeal followed.
 

 DISCUSSION
 

 Summary judgment is only appropriate when a review of the record viewed in a light most favorable to the nonmoving party reveals no triable issues of material fact and judgment is warranted as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985);
 
 see
 
 NRCP 56(c). “In determining whether summary judgment is proper, the nonmoving party is entitled to have the evidence and all reasonable inferences accepted as true.” Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989). On appeal, this court is “required to determine whether the trial court erred in concluding that an absence of genuine issues of material fact justified its granting of summary judgment.” Bird v. Casa Royale West, 97 Nev. 67, 68, 624 P.2d 17, 18 (1981). This court’s review of an order granting summary judgment is de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).
 

 Doud sued the Hilton on a negligent security theory. To prevail on a negligence theory, a plaintiff generally must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff’s injury; and (4) the plaintiff suffered damages. Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d 589, 590 (1991). In a negligence action, summary judgment should be considered with caution.
 
 See
 
 Sims v. General Telephone & Electric, 107 Nev. 516, 815 P.2d 151 (1991). In order to establish entitlement to judgment as a matter of law, a moving defendant must show that one of the elements of the plaintiff’s prima facie case is “clearly lacking as a matter of law.”
 
 Id.
 
 at 521, 815 P.2d at 154. Accordingly, the first inquiry is whether the Hilton owed any duty to Doud.
 

 Duty.
 

 Doud contends that the past crimes committed on the Hilton premises and the location and character of the Hilton’s business provides the requisite foreseeability to give rise to a duty. The
 
 *1101
 
 Hilton maintains that the criminal attack by Monaghan upon Doud was so sudden and unforeseeable “that even Doud himself was completely unaware of the impending attack until its actual occurrence,” and thus reasons no liability can be imposed on Hilton, as the attack on Doud was neither foreseeable nor preventable.
 
 [1]
 
 Hilton argues that it had no notice that Monaghan was likely to attack Doud, no reason to anticipate the assault, and no reasonable way to prevent it. Hilton maintains that because the attack on Doud was not reasonably foreseeable, there was no duty owed.
 

 In Nevada, a proprietor owes an invitee a duty to use reasonable care to keep the premises in a reasonably safe condition for use. Elko Enterprises v. Broyles, 105 Nev. 562, 565, 779 P.2d 961, 964 (1989); Early v. N.L.V. Casino Corp., 100 Nev. 200, 203, 678 P.2d 683, 684 (1984). However, “the proprietor’s duty to protect an invited guest from injury caused by a third person is circumscribed by the reasonable foreseeability of the third person’s actions and the injuries resulting from the condition or circumstances which facilitated the harm.”
 
 Early,
 
 100 Nev. at 203, 678 P.2d at 684. Nevada has approved the position of The Restatement (Second) of Torts which provides:
 

 Since the possessor is not an insurer of the visitor’s safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.
 

 Restatement (Second) of Torts § 344 cmt. f (1977);
 
 see
 
 Early v.
 
 *1102
 
 N.L.V. Casino Corp., 100 Nev. 200, 203, 678 P.2d 683, 684 (1984);
 
 see also
 
 Abbott v. United Venture Capital, Inc., 718 F.Supp. 828, 832-33 (D.Nev. 1989);
 
 cf.
 
 Craigo v. Circus-Circus Enterprises, Inc., 106 Nev. 1, 786 P.2d 22 (1990). Thus, under Nevada law, a proprietor’s duty to take affirmative action to reasonably attempt to prevent the wrongful acts of third persons arises only where there is reasonable cause to anticipate such acts and the probability of injury resulting therefrom. Morrison v. MGM Grand Hotel, 570 F.Supp. 1449, 1450 (D.C.Nev. 1983); El Dorado Hotel v. Brown, 100 Nev. 622, 627, 691 P.2d 436, 440 (1984); Thomas v. Bokelman, 86 Nev. 10, 13, 462 P.2d 1020, 1022 (1970).
 

 A review of case law that has considered the specific issue of proprietor liability for attacks on patrons occurring in parking lots reveals that courts have generally followed one of two rules with respect to determining the foreseeability of and hence, duty of a proprietor to protect against such attacks. The traditional rule provides that only proof of the occurrence of prior similar crimes on or in the immediate vicinity of the parking lot will establish sufficient foreseeability to create a duty in its proprietor to protect patrons against subsequent attacks.
 
 See, e.g.,
 
 Henley v. Pizitz Realty Co., 456 So.2d 272 (Ala. 1984); Rogers v. Jones, 128 Cal.Rptr. 404 (Cal.Ct.App. 1976) (disapproved by Isaacs v. Huntington Memorial Hospital, 695 P.2d 653 (Cal. 1985)); Washington Rd. Properties, Inc. v. Stark, 342 S.E.2d 327 (Ga.Ct.App. 1986) (prior robberies did not constitute notice of dangerous condition where no substantial similarity between prior crimes and robbery and rape of motel patron). The modern trend holds that foreseeability of a violent crime being perpetrated on a patron is not absolutely dependent upon notice of prior crimes of a similar nature occurring on or near the premises, but may also be determined from all of the circumstances present.
 
 See, e.g.,
 
 Isaacs v. Huntington Memorial Hospital, 695 P.2d 653 (Cal. 1985); Sharp v. W.H. Moore, 796 P.2d 506 (Idaho 1990); Shea v. Preservation Chicago, Inc., 565 N.E.2d 20 (Ill.App.Ct. 1990);
 
 see also
 
 James C. Thomas, Premises Liability-Failure to Protect Parking Facility Patron from Criminal Attack, 9 Am.Jur.
 
 Proof of Facts 3d
 
 587 (1990), and cases cited therein.
 
 See generally
 
 James L. Isham, Annotation,
 
 Parking Facility Proprietor’s Liability for Criminal Attack on Patron,
 
 49 A.L.R.4th 1257 (1986 & Supp. 1993);
 
 see also
 
 Laura Dicola Kulwicki, Comment,
 
 A Landowner’s Duty to Guard Against Criminal Attack: Foreseeability and the Prior Similar Incidents Rule,
 
 48 Ohio State L.J. 247 (1987).
 

 The Sports Book parking lot had been the scene of at least one
 
 *1103
 
 previous armed robbery and one previous attempted armed robbery. In the two years before the attack on Doud, there were eighty-five crimes and arrests reported on the entire Hilton premises. Of those crimes, seventy-eight occurred in parking lots; nine of which occurred in the Sports Book parking lot. A murder had been committed there several years before, when the lot was used as an employee parking lot. Doud’s security expert expressed by affidavit the following opinion regarding the Hilton’s security: (1) the parking lot was known to be a dangerous place by Hilton Management; and (2) the robbery and attempted murder of Doud was foreseeable given the substantial level of criminal activity occurring on the Hilton premises. Doud contends that these facts, whether viewed from a “prior similar acts” or a “totality of the circumstances” perspective, provide the requisite foreseeability to impose a duty on the Hilton to provide adequate security to protect its patrons. We agree.
 

 Although there are a few cases to support the Hilton’s position that a proprietor needs notice of specific facts giving rise to a reasonable suspicion that a certain crime by a particular individual will occur before a duty will arise, this position clearly represents a minority view.
 
 See,
 
 e.g., Satchwell v. La Quinta Motor Inns, Inc., 532 So.2d 1348 (Fla.Dist.Ct.App. 1988) (no duty where motel had no actual or constructive knowledge of any danger to guests from third party assailant); Reichenbach v. Days Inn of America, Inc., 401 So.2d 1366 (Fla.Dist.Ct.App. 1981) (Cowart, J., concurring) (innkeeper not responsible absent notice that a particular person might assault some guest or that a particular guest might be assaulted by someone); Meyers v. Ramada Inn of Columbus, 471 N.E.2d 176 (Ohio Ct.App. 1984) (motel operator’s unsubstantiated suspicion about character of guest’s assailant who had frequented motel’s public areas did not give rise to additional duty to provide further security).
 

 We reject the Hilton’s argument that it had no notice or reason to anticipate the attack on Doud, no reasonable way to prevent it, and that it therefore owed no duty to Doud. It is undisputed that the Hilton had knowledge of numerous criminal activities on the Hilton premises and in the Hilton parking lots in particular prior to the attack on Doud. The Hilton thus knew there was a likelihood of conduct on the part of third persons in general which was likely to endanger the safety of its patrons, even if it had no reason to expect it on the part of any particular individual. This knowledge was sufficient to provide constructive notice of the risk of an assault in the Sports Book parking lot. Additionally, the place and character of the Hilton’s business is such that it should
 
 *1104
 
 reasonably anticipate criminal conduct on the part of third persons in general. As this court has previously stated: “[A] gambling casino where cash and liquor are constantly flowing may provide a fertile environment for criminal conduct such as robbery and assault.” Early v. N.L.V. Casino Corp., 100 Nev. 200, 204, 678 P.2d 683, 685 (1984). We conclude that the location and character of the Hilton’s business, together with the past crimes committed on the Hilton premises, provides the requisite foreseeability to determine that Hilton had a duty to protect Doud from violent assaults in the Sports Book parking lot.
 

 Breach
 

 The next element of a prima facie negligence case that must be met to survive summary judgment pertains to whether the Hilton breached its duty to provide a reasonably safe environment for its patron Doud. The determination of whether there has been a breach of duty is generally a question for the jury. This court has stated “[ljitigants are not to be deprived of a trial on the merits if there is the slightest doubt as to the operative facts.” Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d 589, 590 (1991).
 

 Our review of the pleadings and the evidence contained in the record on appeal reveals the existence of more than the slightest doubt as to the operative facts in this negligent security case. Material facts regarding the issue of whether the Hilton’s security was adequate remain in dispute. Doud’s security expert testified by way of affidavit that the Hilton’s security on the night of the attack was inadequate. He based his opinion upon documents produced by the Hilton and concluded that: (1) the prowl vehicle assigned to the Sports Book lot had not patrolled at all during the shift in which Doud was attacked; (2) a prowl vehicle would have discovered the broken glass outside Doud’s motorhome and could have therefore prevented the assault on Doud; (3) the visual security checks of the parking lot were ineffective substitutes for patrolling the parking lot; and (4) the Hilton security supervisors lacked the requisite training to properly supervise the security guards. Doud also contends that the Hilton security violated its own security policies by failing to perform the required number of visual checks of the Sports Book lot on the night in question. Conversely, the Hilton contends that adequate security for the parking lot was provided. Hilton states inside security personnel performed “visual checks” of the Sports Book parking lot and an officer in a patrol vehicle patrolled the perimeter of the Hilton premises, which included the parking lot.
 

 
 *1105
 
 Because there are significant issues of material fact in dispute with regard to whether the Hilton breached its duty to provide adequate security on the evening of Doud’s attack, summary judgment on this element was in error.
 

 Causation
 

 The third element necessary to impose liability on the Hilton is proof that Doud’s injuries were proximately caused by the Hilton’s breach of its duty to provide adequate security to protect its patrons. Proximate cause has been widely defined as that cause which, in natural and continuous sequence and unbroken by any efficient, intervening cause, produces the injury complained of and without which the result would not have occurred.
 
 See
 
 Frances v. Plaza Pacific Equities, 109 Nev. 91, 847 P.2d 722 (1993). Proximate cause, or legal cause, consists of two components: cause in fact and foreseeability.
 
 See
 
 Sims v. General Telephone & Electrics, 107 Nev. 516, 815 P.2d 151 (1991). For purposes of this discussion, cause in fact requires proof that the Hilton’s failure to provide adequate security was a substantial factor in bringing about Doud’s injury. The second component, foreseeability, is essentially a policy consideration that limits a proprietor’s liability to consequences that have a reasonably close connection with both the proprietor’s conduct and the harm that conduct originally created.
 
 Id.
 

 One causation issue presented by this type of case is whether, assuming negligence on the part of the proprietor, the intervening criminal attack is an effective superseding cause which relieves the proprietor from liability. A criminal attack by a third party is an intervening act; however, such an intervening act is a superseding cause which breaks the chain of causation only to the extent that it is unforeseeable.
 
 See
 
 Drummond v. Mid-West Growers, 91 Nev. 698, 705, 542 P.2d 198, 203 (1975). The Restatement (Second) of Torts takes the position that a third party crime is a superseding cause of the negligence of the actor who created the situation that afforded the third party the opportunity to commit a crime, unless the actor at the time of the negligence realized or should have realized the likelihood that such a situation might be created and that the third person might avail himself or herself of the opportunity.
 
 See
 
 Restatement (Second) of Torts §§ 448-49 (1965). Further, if the likelihood that a third party might commit the attack is one of the hazards which makes the
 
 *1106
 
 actor negligent, the actor is not relieved of liability.
 
 Id. See also
 
 Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983). We find the Restatement view to be compatible with our prior decisions regarding the scope of a proprietor’s duty to protect a patron from and liability for third party attacks.
 
 See
 
 Elko Enterprises v. Broyles, 105 Nev. 562, 779 P.2d 961 (1989); Early v. N.L.V. Casino Corp., 100 Nev. 200, 678 P.2d 683, 684 (1984).
 

 Viewing the evidence in the light most favorable to Doud, Hilton’s negligence in failing to provide adequate security created a favorable environment for criminal activity. Evaluating these circumstances, a jury could reasonably decide that a foreseeable risk of harm to Doud had been created by the negligent security. As part of the prior risk, a foreseeable intervening force, such as Monaghan’s attack on Doud, is within the scope of the Hilton’s initial negligence and would not negate the Hilton’s liability.
 

 The record on appeal strongly suggests that a jury could reasonably conclude that the attack on Doud was foreseeable. Under these circumstances, the district court erred in concluding as a matter of law that Doud’s attack was not foreseeable. We again note that questions of negligence, proximate cause, and intervening cause are generally questions of fact and not of law and are thus best left for the jury to decide.
 
 See
 
 Frances v. Plaza Pacific Equities, 109 Nev. 91, 847 P.2d 722 (1993); Brascia v. Johnson, 105 Nev. 592, 781 P.2d 765 (1989); Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981). We conclude that the totality of the circumstances including the evidence of prior general criminal activity on the Hilton premises raises genuine issues of material fact as to whether the attack on Doud was reasonably foreseeable, and therefore summary judgment should not have been granted.
 

 Damages
 

 If the jury finds the facts in Doud’s favor, a review of the record shows that legally recoverable damages may be awarded. In light of our disposition of this appeal, it is evident that the Hilton can no longer be deemed the prevailing party under NRS 18.020(3). Therefore, the award of costs to the Hilton must also be vacated.
 

 We note that the district court denied without explanation Doud’s motion to amend his complaint to allege the following causes of action: (1) malicious defense, (2) spoliation of evi
 
 *1107
 
 dence, (3) intentional infliction of emotional distress, and (4) violation of NRS 207.360. As a new trial date will now be set, any perceived prejudice to the Hilton in allowing Doud to plead any new causes of action is de'minimis. We therefore direct the district court to consider anew Doud’s motion for leave to file a supplemental pleading in accordance with NRCP 15(d).
 

 CONCLUSION
 

 For the reasons stated above, we conclude that Doud has raised questions of material fact with regard to the issue of the Hilton’s liability to Doud. The summary judgment in favor of the Hilton is reversed, the award of costs is vacated, and this case is remanded to the district court for a trial on the merits consistent with this opinion.
 

 [1]
 

 Amicus curiae the Nevada Trial Lawyers Association (NTLA) urges that the foreseeability of criminal conduct to the plaintiff patron should not be compared to the foreseeability to the owner of a business premises. We agree with the assertion of NTLA that the foreseeability analysis should be limited to the business proprietor as in most instances, it is the proprietor, not the patron, who knows the history of criminal activity on and around the premises.