**George PAULSEN, Plaintiff,**

v.

**CASE CORPORATION; aka J.I. Case Company; Case Power & Equipment, aka Contractor's Equipment Company; and Does 1 through 50, inclusive, Defendants.**

**UNICARE INSURANCE COMPANY, Plaintiff-in-Intervention,**

v.

**CASE CORPORATION, aka J.I. Case Company; Case Power & Equipment, aka Contractor's Equipment Company; and Does 1 through 50, inclusive, Defendants-in-Intervention.**

**Civil No. 96–0568–LGB(RCx).**

United States District Court, C.D. California.

Aug. 26, 1996.

Bruce M. Brusavich, Susan E. Hargrove, Agnew & Brusavich, Torrance, CA, for George Paulsen.

Gregory F. Johnsen, Sherman Oaks, CA, for Unicare Ins. Co.

Elliott D. Olson, Steven D. Di Saia, Gary K. Kwasniewski, Sedgwick, Detert, Moran & Arnold, Los Angeles, CA, for Case Corp.

## AMENDED MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY

CHAPMAN, United States Magistrate Judge.

On July 26, 1996, plaintiff filed a Notice of Motion to Compel Defendant to Provide Responses to Plaintiff's First Set of Requests for Production of Documents, Request Nos. 23, 24, 25, 27, 29, 30 and 39; and Stipulation of Counsel Re Issues and Contentions for Discovery in Dispute, with attached exhibits. In support of his motion, plaintiff has filed the declaration of John B. Sevart, to which defendant has filed objections to paragraph 4. On August 6, 1996, defendant filed a supplemental memorandum in opposition to plaintiff's motion to compel. Oral argument was heard on August 14, 1996.

### BACKGROUND

On December 13, 1995, plaintiff filed a complaint for damages in the Los Angeles Superior Court against defendant Case Corporation alleging three causes of action: (1) negligence; (2) strict liability; and (3) breach of warranty. All claims arise from plaintiff's serious injuries, including an amputation, allegedly suffered on April 8, 1995, while he

was using and operating a product produced by defendant corporation, backhoe Model 580K. On January 26, 1996, defendant corporation removed the action to this Court based on diversity of citizenship.

In his complaint, the plaintiff alleges that defendant corporation negligently and carelessly manufactured, designed, constructed, equipped, and otherwise controlled the backhoe, that said machine was defective and unsafe when used and operated in a manner for which it was intended, and that said defects included, but are not limited to, the failure to provide and maintain necessary safety devices thereon. (Complaint, ¶ 14). The plaintiff further alleges on information and belief that defendant corporation knew at the time it manufactured and sold the backhoe that the failure to incorporate a lock-out device for the boom control created an unnecessary and serious risk of injury or death, and this knowledge was obtained through its knowledge of numerous injuries occurring due to the inadvertent actuation of the boom controls on its backhoes, the fact that competitors were designing lock-out devices on similar equipment, and through an engineering analysis the defendant corporation conducted in 1985. (Complaint, ¶ 20). Regarding the second cause of action, the plaintiff incorporates the allegations from the first cause of action. Regarding the third cause of action, the plaintiff incorporates the allegations from the first and second causes of action and further alleges that defendant expressly and impliedly warranted that the backhoe was safe and fit for its intended use and that it would not cause bodily harm to persons using it. (Complaint, ¶ 34). The plaintiff prays for general damages, special and economic damages, exemplary and punitive damages, costs, and other and further relief.

On July 2, 1996, Unicare Insurance Company filed an amended complaint in intervention alleging it has paid workers' compensation disability benefits and medical benefits to plaintiff as a proximate result of plaintiff's injuries caused by defendant corporation.

## DISCUSSION

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted.... The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment.'" *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).

Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil actions, as follows:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identify and location of persons having knowledge of any discoverable matters. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26 further permits the discovery of information which "may simply relate to the *credibility* of a witness or other evidence in the case." Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11.21 (1994 revised). (emphasis in original.)

■ Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at

the trial. As commented upon by one district court:

A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action.

*Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan. 1993).

■ The plaintiff seeks documents in response to Request Nos. 23, 24, 25, 27, 29, 30, and 39. Request Nos. 23, 24, 25 and 27 seek documents pertaining to products produced by defendant corporation other than the backhoe plaintiff was operating at the time of his injury. Request Nos. 23 and 24 seek accident reports for uniloader/bobcat and excavator/crawler products "involving an injury or death as an alleged consequence of inadvertent or unintentional activation of the controls resulting in the movement of the backhoe, shovel or boom." Request Nos. 25 and 27 seek engineering reports concerning the question of whether or not a "pilot control lock-out device" or "gate bar aka operator protection bars" should be incorporated into the design of an excavator product. The defendant corporation objects to these requests as being overbroad as to time and scope, vague and ambiguous, and irrelevant in that they are not calculated to lead to the discovery of admissible evidence because they seek information relating to products, components, and circumstances which are not substantially similar to the accident, product, and components in this case.

The plaintiff has submitted the declaration of John B. Sevart (Joint Stipulation, Exh. C) to show that other products of defendant corporation are, in fact, substantially similar to the subject product. Mr. Sevart, in his declaration, refers to an attachment to the declaration setting forth his professional qualifications, but said attachment is not appended to his declaration. Mr. Sevart, nevertheless, states that he is a registered professional engineer and is familiar with the

facts and circumstances surrounding this action, as well as other Case product accidents he has investigated and reviewed from 1983 to the present. In paragraph 4 of his declaration, Mr. Sevart opines that various products made by defendant corporation, whether called uniloaders/skid steers, excavators/crawlers or loaders/backhoes, "are substantially similar in that they all involve a similar risk, that of unintentional and inadvertent control actuation that can cause serious injury or death.... The uniloader/skid steer and excavator/crawler incorporate a type of lockout feature to prevent unintentional and inadvertent activation that could cause crush accidents" the same as alleged in this action. The defendant corporation objects to Mr. Sevart's declaration, particularly paragraph 4, on the grounds of competency, lack of foundation and hearsay. Defendant corporation's objections are well taken. Mr. Sevart has not set forth any foundation for his competency, knowledge and opinions.

■ This ruling, however, does not resolve the motion before the Court. The evidence plaintiff seeks is reasonably calculated to lead to the discovery of evidence which may be admissible despite the shortcomings in Mr. Sevart's declaration. As commented upon by one district court:

The parties must be permitted to scrutinize all relevant evidence so that each will have a fair opportunity to present its case at trial. Moreover, the question of relevancy is to be more loosely construed at the discovery stage than at the trial. Therefore, it is important to distinguish the right to obtain information by discovery from the right to use it at trial.

*Nestle Foods Corp. v. Aetna Casualty & Surety Co.,* 135 F.R.D. 101, 104 (D.N.J.1990) (citations omitted).

Defendant corporation's reliance on *Cooper v. Firestone Tire and Rubber Co.,* 945 F.2d 1103, 1105 (9th Cir.1990), to preclude discovery is misplaced. The court, in *Cooper,* reviewed evidence in the context of a trial court's evidentiary ruling, not in a discovery context; moreover, a reasonable inference may be drawn from the court's analysis that, there, plaintiff had discovered information

and documents about other products manufactured by defendant and attempted to introduce that evidence at trial. Although the trial court, in *Cooper*, did not find that the products were substantially similar, and the appellate court affirmed that ruling, that does not mean that plaintiff, here, may not be able to show such similarity. The Court, further, declines to reach this issue, which is more properly left to the district court at trial.

Apart from whether the documents may be admissible at trial as part of the plaintiff's case-in-chief, they certainly may be used for impeachment purposes and, thus, relate to the credibility of defendant corporation's expert witnesses. *Id.* Thus, there is no merit to defendant corporation's relevancy objection. There is also no merit to defendant corporation's objections on the grounds of vagueness and ambiguity and overbreadth as to time and scope. The plaintiff's motion to compel responses to Request Nos. 23, 24, 25 and 27 is GRANTED.

Request Nos. 29 and 30 seek copies of all blueprints and design drawings concerning the "pilot controls" and "gate bar aka operator protection bar" for an excavator. The defendant corporation objects to Request Nos. 29 and 30 on the grounds that they seek confidential and proprietary trade secret information, as well as being overbroad as to time and scope, vague and ambiguous, and irrelevant for the reasons discussed above.

There is no absolute privilege for trade secrets and similar confidential information. *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979); *Centurion Industries, Inc. v. Warren Steurer & Associates*, 665 F.2d 323 (10th Cir.1981). The defendant corporation, moreover, has not shown the requested information to be a trade secret or similar confidential information. Rather, defendant corporation has merely made these claims as conclusory assertions. If defendant corporation believes that disclosure of this information might be harmful, it must explain and support its objection (*Nestle*, 135 F.R.D. at 104), or seek a protective order under Rule 26(c), rather than refuse to produce the documents. Defendant corporation's objections are without merit, and plaintiff's motion to compel responses to Request Nos. 29 and 30 is GRANTED.

Request No. 39 seeks "[a]ny internal memoranda or reports concerning the risks of injury or death to an operator or bystander of a[n] excavator as a result of accidental, inadvertent or unintentional contact with the boom controls resulting in movement of the backhoe, shovel or boom." The defendant corporation objects to the request on the grounds that it is vague and ambiguous, overbroad as to time and scope, irrelevant, and seeks information which may be protected from disclosure by the attorney client and work product privileges. The defendant corporation's objections to the request are blanket objections, which do not comply with Fed.R.Civ.P. 26(b)(5). Formally claiming a privilege should involve specifying which information and documents are privileged and for what reasons, especially when the nature of the information or documents does not reveal an obviously privileged matter. *Kerr v. United States District Court, Northern District of California*, 511 F.2d 192, 198 (9th Cir.1975). Defendant corporation has not done this. Thus, defendant corporation's objections are without merit, and plaintiff's motion to compel response to Request No. 39 is GRANTED.

### ORDER

Plaintiff's Motion to Compel Discovery is GRANTED. Defendant corporation shall, within twenty (20) days, produce for inspection and copying by plaintiff, at a mutually convenient location, documents in response to Request Nos. 23, 24, 25, 27, 29, 30, and 39.