**Louise KUSMIREK, Plaintiff–Appellant,**

v.

**MGM GRAND HOTEL, INC., a Nevada corporation; John Doe Valet, Defendant–Appellee.**

No. 99–17286.

D.C. No. CV–S–97–00148–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided April 9, 2001.

Before NOONAN, McKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Louise Kusmirek ("Kusmirek") appeals the district court's grant of summary judgment to MGM Grand Hotel, Inc. ("MGM"). Kusmirek sued MGM in district court for negligence resulting from an accident in MGM's valet parking area, in which Kusmirek was hit by a car driven by a third party, Gerald Machowsky ("Machowsky"). The district court found as a matter of law that (1) MGM did not owe Kusmirek a duty of care; and (2) even if MGM did owe Kusmirek a duty, MGM's breach was not the proximate cause of Kusmirek's injuries. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ 1. Duty of Care. The district court correctly found that duty of care is a question of law under Nevada law. *Scialabba v. Brandise Const. Co. Inc.*, 112 Nev. 965, 921 P.2d 928, 930 (Nev.1996). This also includes the foreseeability component of the duty of care element. *See* Nevada Revised Statutes ("NRS") 651.015 (1995) (To determine whether "an owner or keeper of any hotel is civilly liable for the death or injury of a patron on the premises . . . , the court shall determine as a matter of law whether the wrongful act was foresee-

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

able"). Therefore, Kusmirek's argument that the duty of care element is a question of fact lacks merit.

In the alternative, Kusmirek argues that, as a matter of law, courts must determine foreseeability on a "totality of the circumstances" basis. Assuming arguendo that such a standard applies, Kusmirek has failed to provide evidence of any circumstances, such as similar accidents at MGM or other casinos or hotels, that would have put MGM on notice that it should reasonably anticipate negligent conduct on the part of third parties likely to endanger the safety of visitors such as plaintiff. Furthermore, Kusmirek does not cite to any evidence that a hotel's valet service is a type of business that would reasonably anticipate careless behavior of third persons.

 Instead, Kusmirek relies solely on the testimony of her expert witness, a civil engineer specializing in accident reconstruction, who testified about the proper valet procedures for a casino in Las Vegas. Nevada case law requires more than plaintiff's expert testimony to prove foreseeability. *See e.g., Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 864 P.2d 796, 800–01 (Nev.1993) (Plaintiff's expert testimony "together with the past crimes committed on the Hilton premises, provides the requisite foreseeability to determine that Hilton had a duty to protect Doud from violent assaults in the Sports Book parking lot"). Furthermore, Kusmirek's expert witness did not provide any reasons why MGM should have reasonably anticipated that the negligent conduct of third parties would likely to endanger the safety of visitors such as Kusmirek.

 2. Proximate Cause. The district court did not err in finding that proximate cause can be decided as a matter of law in Nevada. *See Van Cleave v. Kietz–Mill Minit Mart*, 97 Nev. 414, 633 P.2d 1220, 1222 (Nev.1981).

 Nor did the district court err in holding that the testimony of Kusmirek's expert witness did not create a genuine issue of material fact which would preclude summary judgment. Expert testimony "evidence is insufficient [to raise a material issue of fact precluding summary judgment] if the strongest inference to be drawn in the plaintiff's favor is that defendant's negligence could possibly have been the cause of the accident." *Bieghler v. Kleppe*, 633 F.2d 531, 534 (9th Cir.1980). Because the vehicle's uncontrollable surge forward after Machowsky shifted gears was an intervening cause of the accident and Kusmirek's ultimate injuries, the strongest inference that MGM *could* have been the cause of Kusmirek's accident is insufficient to defeat summary judgment.

AFFIRMED.