**Valencia BIBLE, an individual**

v.

**RIO PROPERTIES, INC., a Nevada Corporation.**

**No. CV 07–0366–AHM(RCx).**

United States District Court, C.D. California.

Sept. 21, 2007.

None present, for Plaintiff.

None Present, for Defendant.

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 8 AND 9 SERVED WITH RULE 30(b)(6) NOTICE OF DEPOSITION**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On August 31, 2007, plaintiff filed a notice of motion and motion for order compelling defendant to produce documents responsive to requests for production of documents nos. 8 and 9 served with a Rule 30(b)(6) notice of deposition, the supporting declaration of Marshall E. Rosenbach with exhibits, and a joint stipulation, and on September 12, 2007, defendant filed its supplemental memorandum and the opposing declaration of Ronald Q. Giussso, with exhibit. This matter is decided in Chambers without oral argument pursuant to Local Rule 7–15.

## BACKGROUND

On November 28, 2006, plaintiff Valencia Bible filed a complaint for damages for premises liability in the Los Angeles County Superior Court against Harrah's Operating Company, Inc., and Does 1 through 10, and that action was removed to this district court on January 16, 2007. On February 22, 2007, the Court dismissed defendant Harrah's Operating Company, Inc. as defendant, and plaintiff filed a First Amended Complaint ("FAC") against Rio Properties, Inc., a Nevada corporation doing business as Rio All Suites Hotel and Casino ("Rio Hotel"), and Does 2 through 10. The gravamen of plaintiff's First Amended Complaint is that plaintiff, while a guest at Rio Hotel on May 27, 2006, "was walking out of her hotel room when, without warning, she tripped and fell on a tray negligently left in front of [her] hotel room by Defendants." FAC ¶ 9. On April 20, 2007, District Judge A. Howard Matz denied defendant's motion to dismiss

for lack of personal jurisdiction under Rule 12(b)(2) and motion to transfer for improper venue, and defendant answered the First Amended Complaint on April 30, 2007.

On July 6, 2007, plaintiff served defendant with a notice of Rule 30(b)(6) deposition, setting forth 15 topics and requesting defendant produce 16 categories of documents. Declaration of Marshall E. Rosenbach ("Rosenbach Decl.") ¶ 3, Exh. B. On July 13, 2007, defendant served objections to the notice of deposition. The motion before the Court addresses document request nos. 8 and 9 attached to the deposition notice. Request no. 8 seeks:

> Any and all DOCUMENTS that evidence, refer, or relate to all prior claims of injury involving a customer falling or tripping over a room service tray that was left outside his/her hotel room, from January 1, 2000, to the present.

*Id.* ¶ 3, Exh. B. Similarly, request no. 9 seeks:

> Any and all DOCUMENTS that evidence, refer, or relate to all prior complaints made to YOU by a customer which relates to a customer falling or tripping over a room service tray that was left outside a hotel room, from January 1, 2000, to the present.

*Id.* Defendant objected generally to all requests on the grounds the court lacks personal jurisdiction over defendant, the documents seek information of a proprietary nature that "will not be provided without a proper protective order being in effect" and the documents are protected by the attorney-client and work-product privileges, and defendant specifically objected to request nos. 8 and 9 on the following identical grounds:

> Objection. This request is vague, ambiguous, overbroad, assumes facts not in evidence, seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request calls for information which is protected from disclosure by the attorney-client and attorney work-product privileges and which violates the privacy rights of third persons who are not parties to this litigation. In addition, this request is bur-

densome and oppressive and seeks information which is proprietary.

Rosenbach Decl. ¶ 4, Exh. C.

## DISCUSSION

■ Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1). " 'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.' " *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 635 (C.D.Cal. 2005) (quoting *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal.1998)). "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *Id.* (citing *Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan.1993)). All discovery, and federal litigation generally, is subject to Rule 1, which directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *Moon,* 232 F.R.D. at 635.

■ As stated above, document requests are relevant under Rule 26 if they seek unprivileged information related "to the claim or defenses of any party...." Fed.R.Civ.P. 26(b)(1). In a federal action based on diversity jurisdiction, as here, state law governs privilege claims. Fed.R.Evid. 501; *Star Editorial, Inc. v. United States District Court for the Central District of California (Dangerfield),* 7 F.3d 856, 859 (9th Cir.1993); *Oakes,* 179 F.R.D. at 284. "In a diversity case, 'federal courts apply the substantive law of the forum in which the court is located, including the forum's choice of law rules.' " *Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1005 (9th Cir.2001) (quoting *Insurance Co. of North Am. v. Federal Express Corp.,* 189 F.3d 914, 921 (9th Cir.1999)); *Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

As the Ninth Circuit has held:

California applies a three-step "governmental interest" analysis to choice-of-law questions: (1) "the court examines the substantive laws of each jurisdiction to determine whether the laws differ as applied to the relevant transaction", (2) "if the laws do differ, the court must determine whether a true conflict[ ] exists in that each of the relevant jurisdictions has an interest in having its law applied", and (3) "if more than one jurisdiction has a legitimate interest ... the court [must] identify and apply the law of the state whose interest would be more impaired if its law were not applied."

*Downing,* 265 F.3d at 1005 (quoting *Abogados v. AT & T, Inc.,* 223 F.3d 932, 934 (9th Cir.2000)); *Kearney v. Salomon Smith Barney, Inc.,* 39 Cal.4th 95, 107–08, 45 Cal. Rptr.3d 730, 740, 137 P.3d 914 (2006). "The burden is on the party seeking to invoke foreign law; California applies its own rule of decision unless a party litigant properly invokes the law of a foreign state." *McGhee v. Arabian Am. Oil Co.,* 871 F.2d 1412, 1422 (9th Cir.1989). However, "[t]here is no need to choose between the laws of California and [Nevada] if they are identical." *State Farm Mut. Auto. Ins. Co. v. Davis,* 937 F.2d 1415, 1418 (9th Cir.1991); *Hurtado v. Superior Court of Sacramento County,* 11 Cal.3d 574, 580, 114 Cal.Rptr. 106, 109, 522 P.2d 666 (1974); *see also International Serv. Ins. Co. v. Gonzales,* 194 Cal.App.3d 110, 116, 239 Cal.Rptr. 341 (1987) ("The sole fact that two states are implicated does not create a conflict of laws, and if the laws of the two states are the same, no conflict exists.").

 Under California law, "[t]he elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a *breach* of such legal duty; [and] (c) the breach as the *proximate or legal cause* of the resulting injury." *Ladd v. County of San Mateo,* 12 Cal.4th 913, 917–18, 50 Cal.Rptr.2d 309, 311, 911 P.2d 496 (1996) (citation and internal quotation marks omitted; italics in original). Similarly, under Nevada law, "[t]o prevail on a negligence theory, the plaintiff generally must show that: (1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was an actual cause of the plaintiff's injury; (4) the breach was the proximate cause of the plaintiff's injury; and (5) the plaintiff suffered damage." *Perez v. Las Vegas Med. Ctr.,* 107 Nev. 1, 4, 805 P.2d 589 (1991) (italics in original; citing *Beauchene v. Synanon Found., Inc.,* 88 Cal.App.3d 342, 151 Cal. Rptr. 796, 797 (1979)). Moreover, under California law, a business proprietor must take "reasonable care ... for the[ ] safety [of business invitees], and liability exists for injuries resulting from a breach of that duty of reasonable care." *Kentucky Fried Chicken of Cal., Inc. v. Superior Court,* 14 Cal.4th 814, 819–20, 59 Cal.Rptr.2d 756, 759, 927 P.2d 1260 (1997). Likewise, "[i]n Nevada, a proprietor owes an invitee a duty to use reasonable care to keep the premises in a reasonably safe condition for use." *Doud v. Las Vegas Hilton Corp.,* 109 Nev. 1096, 1101, 864 P.2d 796 (1993) (per curiam).

Here, defendant has identified no differences in California and Nevada law that creates a conflict of law. To the contrary, defendant contends neither California nor Nevada law imposes a duty on a landowner to warn of open and obvious property dangers, and the Nevada case it cites, *Gunlock v. New Frontier Hotel Corp.,* 78 Nev. 182, 370 P.2d 682 (1962), relies heavily on California law in reaching its decision. *See id.* at 185, 370 P.2d 682. Therefore, this Court will apply California law to the pending discovery dispute. *State Farm Mut. Auto. Ins. Co.,* 937 F.2d at 1418; *Hurtado,* 11 Cal.3d at 580, 114 Cal.Rptr. at 109, 522 P.2d 666; *see also Cleary v. News Corp.,* 30 F.3d 1255, 1265 (9th Cir.1994) (Under California's "governmental interest" test, there was no conflict of law and California law applies when "the elements of intentional infliction of emotional distress are virtually identical under California and Illinois law.").

 Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 655–56 (C.D.Cal.2005).

██ Here, defendant raises numerous objections to plaintiff's document requests; however, defendant has not met its burden. First, defendant complains the information sought is not relevant. However, "[r]elevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence[,]'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) (citation omitted), and, under California law, defendant must take reasonable care for the safety of its invitees; thus, prior complaints of injury from situations similar to that which caused plaintiff's injury could show defendant failed to take reasonable care. *See Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F.3d 619, 622 (9th Cir.1999) (In diversity action, "whether there is an issue to which the information sought is relevant is a question of state law...."); *Fielder v. City of Glendale*, 71 Cal.App.3d 719, 733, 139 Cal.Rptr. 876 (1977) ("[I]t is relevant to a finding of dangerousness that other persons have tripped on the same spot."). Accordingly, the Court finds requests nos. 8 and 9 clearly seek relevant information. Nevertheless, although defendant has failed to provide any declarations showing the burdensomeness of searching its records for documents from 2000 to the present, the Court assumes it would be considerable. Thus, the Court limits sua sponte the range of documents sought in request nos. 8 and 9 to the period from January 1, 2003, to the date of injury, May 27, 2006.

Second, there is no merit to defendant's general or boilerplate objections such as "overly broad," "vague and ambiguous," and the Court overrules them. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal.1996); *see also McLeod, Alexander, Powel & Apffel, P.C v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet objecting party's

burden of explaining why discovery requests are objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objection-able); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome are not sufficiently specific to allow court! to ascertain objectionable character of discovery request and are improper); *Chubb Integrated Sys. Ltd. v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C.1984) ("General objections are not useful to the court ruling on a discovery motion.").

██ Defendant also objects to request nos. 8 and 9 on the ground they seek "proprietary" information prior to the issuance of a protective order. However, there is no absolute privilege for confidential information, *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979); *Hartley Pen Co. v. United States Dist. Court for the S. Dist. of Cal.*, 287 F.2d 324, 330 (9th Cir.1961), although such information may be protected under Rule 26(c)(7),[1] *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1031–32 (8th Cir. 1991) (citations omitted), and defendant, once again, has failed to provide any declarations or other evidence to support its claim that the responsive documents are proprietary information and that their "disclosure would be harmful to the party's interest in the property." *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir.1981). Moreover, if defendant truly believes it has "confidential" or "proprietary information" that should be protected by a protective order, it should have entered into a stipulated protective order with plaintiff or filed a motion for a protective order **before** the date by which it was to respond to plaintiff's requests. *See, e.g., DIRECTV, Inc. v.*

---

1. "[I]f there is a federal rule of procedure covering a particular point of practice or pleading ..., such rule governs in a federal diversity action even if resort to state law would lead to a different result[,]" unless the federal rule violates the Rules Enabling Act or the Constitution. *Santana*

*v. Holiday Inns. Inc.*, 686 F.2d 736 (9th Cir. 1982); *see also Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 WL 273949, *2–3 (E.D.Cal.) (applying Fed.R.Civ.P. 26(c)(7) rather than contrary California statute).

*Puccinelli,* 224 F.R.D. 677, 690 (D.Kan.2004) (rejecting party's objection to request on confidential information ground when party had neither moved for protective order nor established documents contain confidential information or that disclosure would injure party or any other entity). Thus, defendant has not met its burden to show documents responsive to requests nos. 8 and 9 are "confidential" or "proprietary information" and this Court is not prevented from requiring defendant to produce responsive documents without a protective order.

▉▉▉▉▉ Further, defendant's claims of attorney-client privilege and work product protection are also baseless. "Because this court's subject matter jurisdiction ... is based on diversity of citizenship, California law governs disposition of issues about p the attorney-client privilege." *First Pac. Networks, Inc. v. Atlantic Mut. Ins. Co.,* 163 F.R.D. 574, 582 (N.D.Cal.1995); *Bank of the West v. Valley Nat'l Bank of Ariz.,* 132 F.R.D. 250, 251 (N.D.Cal.1990); Fed.R.Evid. 501. However, work product protection questions are determined under federal law even in diversity of citizenship cases. Fed. R.Civ.P. 26(b)(3); *Frontier Refining, Inc. v. Gorman–Rupp, Inc.,* 136 F.3d 695, 702 n. 10 (10th Cir.1998); *United Coal Cos. v. Powell Constr. Co.,* 839 F.2d 958, 966 (3d Cir.1988); *Federal Deposit Ins. Corp. v. Fidelity & Deposit Co. of Md.,* 196 F.R.D. 375, 381 (S.D.Cal.2000). Under California law, the attorney-client privilege attaches to confidential communications between a client and his attorney during the course of the attorney-client relationship. Cal. Evid.Code § 952; *Roberts v. City of Palmdale,* 5 Cal.4th 363, 371, 20 Cal.Rptr.2d 330, 333–34, 853 P.2d 496 (1993); *Southern Cal. Gas Co. v. Public Utilities Comm'n,* 50 Cal.3d 31, 37, 265 Cal.Rptr. 801, 803, 784 P.2d 1373 (1990). The party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege. *Wellpoint Health Networks, Inc. v. Superior Court,* 59 Cal. App.4th 110, 123, 68 Cal.Rptr.2d 844 (1997); *State Farm Fire & Cas. Co. v. Superior Court,* 54 Cal.App.4th 625, 639, 62 Cal. Rptr.2d 834 (1997). Similarly, under federal law, the party claiming work product protection has the burden of proving the applicabil-

ity of the doctrine. *United States v. City of Torrance,* 163 F.R.D. 590, 593 (C.D.Cal. 1995); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling,* 120 F.R.D. 504, 510 (W.D.La.1988). Here, defendant has not met its burden of demonstrating any particular document falls within the attorney-client privilege or work product protection. Indeed, defendant has not even identified any documents as privileged! Therefore, the Court overrules defendant's attorney-client and work product objections. Nevertheless, since it appears to the Court that some responsive documents may come within the attorney-client privilege or work-product protection, and the Court finds that, for plaintiff's purposes, complaints by guests and incident reports by hotel staff are sufficient documentary evidence, defendant need not produce otter documents referring, or discussing, such complaints or incidents with defendant's counsel.

▉▉▉▉▉ Finally, defendant objects that responsive documents invade third parties' privacy rights. In California, the right to privacy is set forth in Article I, Section I of the California Constitution, as defendant cites (despite claiming Nevada law applies). *See* Defendant's Supp. Memo. at 4:11–12. However, privacy is not an absolute right, but a right subject to invasion depending upon the circumstances. *Heller v. Norcal Mut. Ins. Co.,* 8 Cal.4th 30, 43–44, 32 Cal. Rptr.2d 200, 207–08, 876 P.2d 999 (1994), *cert. denied,* 513 U.S. 1059, 115 S.Ct. 669, 130 L.Ed.2d 602 (1994). Thus, "the privilege is subject to balancing the needs of the litigation with the sensitivity of the information/records sought." *Davis v. Leal,* 43 F.Supp.2d 1102, 1110 (E.D.Cal.1999); *see also Pioneer Elecs. v. Superior Court,* 40 Cal.4th 360, 371–75, 53 Cal.Rptr.3d 513, 520–24, 150 P.3d 198 (2007) (balancing privacy rights of putative class members with discovery rights of civil litigants). Here, the rights of third parties can be adequately protected by permitting defendant to redact the guest's complaints and staff incident reports to protect the guest's name and personal information, such as address, date of birth, telephone number, and the like. With the limitations set forth herein, the Court grants plaintiff's

motion to compel, in part, and denies it, in part.

## ORDER

Plaintiff's motion is granted, in part, and denied, in part, and defendant shall produce documents responsive to request nos. 8 and 9 to plaintiff, no later than ten (10) days from the date of this Order, subject to the following limitations: (a) documents shall be limited to the period of January 1, 2003, to May 27, 2006; (b) documents shall be limited to complaints by guests and incident reports by hotel staff; and (c) documents may be redacted to protect the name and personal information of hotel guests, including, for example, address, telephone, and the like.