Ludis J. COOPER, Plaintiff–Appellee,

v.

The FIRESTONE TIRE AND RUBBER
COMPANY, Defendant,

and

The Budd Company, Defendant–
Appellant.

Ludis J. COOPER, Plaintiff–Appellee,

v.

The FIRESTONE TIRE AND RUBBER
COMPANY, Defendant–Appellant.

Nos. 88–15520, 88–15538.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1990.

Decided Sept. 26, 1991.

Dean B. Allison and Scott D. Bertzyk, Jones, Day, Reavis and Pogue, Los Angeles, Cal., Richard Davis, Mesch, Clark & Rothschild, Tucson, Ariz., Harvey M. Grossman, Los Angeles, Cal., for defendant-appellant Firestone Tire & Rubber Co.

Tom Slutes, Slutes, Sakrison, Even, Grant & Pelander, Tucson, Ariz., Thomas P. Schult, Bryan, Cave, McPheeters & McRoberts, Kansas City, Mo., Frank S. Perkin, Jr., Troy, Mich., for defendant-appellant Budd Co.

John C. Risjord and Randy W. James, John C. Risjord & Associates, Overland Park, Kan., Thomas J. Davis, Davis & Eppstein, Tucson, Ariz., for plaintiff-appellee.

Before BROWNING, PREGERSON and TROTT, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

Firestone Tire & Rubber Co. and The Budd Co. appeal from the district court's denial of their motion for new trial or remittur. We affirm.

## BACKGROUND

Ludis J. Cooper was injured in the course of his employment as a tire repairman when a multi-piece truck rim, known as the RH5 degree, explosively separated as he was servicing a wheel and tire. The injury required amputation of Cooper's right hand and part of his right forearm and increased the risk of quadriplegia upon any subsequent trauma to his head or neck.

Cooper sued appellant Firestone, manufacturer of the RH5 degree, and appellant Budd, manufacturer of the mounting disc to which the RH5 degree was affixed. Federal jurisdiction was based upon diversity of citizenship. Cooper's second amended complaint asserted negligence and strict liability based upon design and manufacturing defects and failure to warn, and sought punitive damages. The district court dismissed the strict liability and failure to warn claims prior to trial and granted a directed verdict on the manufacturing defect and punitive damages claims at the close of his case. The jury found in favor of Cooper on the remaining claim of negligent design. The jury also found Cooper contributorily negligent in failing to use a restraining device while servicing the wheel and tire. The jury allocated 55% fault to Firestone, 35% to Budd and 10% to Cooper. Damages were awarded in the sum of $2,199,366.30. Appellants' motion for a new trial or remittur was denied by the trial court. This appeal followed. We affirm.

I

Appellants contend the trial court erred in admitting evidence of other accidents involving the RH5 degree to impeach appellants' experts without showing a "substantial similarity" between the other accidents and Cooper's accident. Appellants' experts had testified the RH5 degree design was safe and competent, and the evidence of other accidents involving the RH5 degree was introduced by Cooper during cross-examination of these witnesses to test their credibility. Appellants argue it was improper for the court to admit such evidence even for impeachment purposes without a showing of substantial similarity.

■ A showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect. *See, e.g., Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 889 (9th Cir.1991); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir.1986); *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C.Cir.1986); *Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 754 (11th Cir.1985); *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir.1981); *Julander v. Ford Motor Co.*, 488 F.2d 839, 846–47 (10th Cir.1973). The rule rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility under Federal Rules of Evidence 401 and 402. *See Pettyjohn v. Kalamazoo Center Corp.*, 868 F.2d 879, 881 (6th Cir.1989); *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir.1988).

■ The circuits are split regarding whether evidence of dissimilar accidents is admissible for impeachment. *Compare Wheeler v. John Deere Co.*, 862 F.2d 1404, 1409 (10th Cir.1988) (inadmissible) *with Hale v. Firestone Tire & Rubber Co.*, 820 F.2d 928, 934–35 (8th Cir.1987) (admissible). We agree with the Eighth Circuit that evidence of dissimilar accidents may be admitted when relevant to the witness's credibility. The problem of relevancy involved

when plaintiffs have sought to introduce evidence of dissimilar accidents in their case-in-chief is not present when the evidence is relevant to credibility.

■ There is no doubt that the evidence of dissimilar accidents involving the RH5 degree introduced in this case was relevant to the credibility of appellants' expert witnesses. When an expert testifies that a product is generally safe, as appellants' experts did, the witness's credibility can be undermined by showing the witness had knowledge of prior accidents caused by the product. *See Hale*, 820 F.2d at 935. The evidence of other accidents, whether similar or not, tends to show the witness's claims of product safety are overstated and the witness therefore may not be reliable.

Appellants argue nonetheless that it would be bad policy to allow such impeachment because it would deter manufacturers from bringing knowledgeable experts into court, since experts with wide practical experience are likely to have encountered dissimilar accidents. It is not the expert's knowledge of prior accidents that triggers the admissibility of evidence of other accidents, however, but the expert's assertion that the product involved is generally safe. If an expert restricts his testimony to the product's safety with respect to the type of accident at issue, or acknowledges on direct examination the occurrence of prior accidents in dissimilar circumstances, evidence of such accidents will not be relevant to his credibility and will not be admissible.

Appellants argue appellee's evidence of other accidents should have been excluded under Federal Rule of Evidence 403. "We review the district court's decisions balancing the probative value of evidence against its prejudicial effect for abuse of discretion." *United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir.1989). Although the other-accident evidence may have had some prejudicial effect, it was also highly probative of the credibility of the assertion of appellants' experts that the RH5 degree was generally safe. We cannot say its admission was an abuse of discretion.[1]

1. Firestone argues that since Cooper's only surviving claim was for negligence, evidence of

## II

Appellants asked the court to instruct the jury that Cooper's failure to inspect the RH5 degree after assembling its component parts could be the basis for a finding of contributory negligence. The court refused on the ground that the proposed instruction would be redundant in view of the instructions given. The relevant instructions given by the court read as follows:

3. Was plaintiff, Ludis Cooper, negligent and was such negligence a proximate cause of his injuries?

Yes___ No___

3.(a) If your answer to 3 was yes, please indicate the basis for your decision (you may find any or all applicable)

1. Not properly assembling the RH5 degree rim; ___

2. Failing to use available restraining devices during inflation of the tire; ___

3. Being under the influence of alcohol at the time of the accident. ___

The district court rejected appellants' proposed instruction, reasoning that inspection is "all part of proper assembling" and concluding that the proposed instruction was therefore subsumed within the instruction requiring a finding of contributory negligence if Cooper improperly assembled the RH5 degree.

The court's view was not unreasonable. The trial judge has substantial latitude in tailoring jury instructions; challenges are reviewed only for abuse of discretion. *United States v. Beltran–Rios,* 878 F.2d 1208, 1214 (9th Cir.1989). We agree with appellants that the district court might have stated the possible bases for a finding of contributory negligence more explicitly, but we cannot say the court abused its discretion in determining that the instructions it gave were sufficient.

## III

Appellants contend the district court erroneously excluded evidence of OSHA regulations adopted by Arizona as workplace safety standards that mandated use of a restraining device while servicing multi-piece rims, *see* 29 C.F.R. § 1910.177(f)(4) (1980),[2] and inspection of multi-piece rims after inflation, *see id.* § 1910.177(f)(7) (1980). The court rejected the evidence on the ground the regulations set standards for employers, not employees. We need not reach that issue. If error occurred, it was harmless.

Whether an error in a diversity action is harmless is governed by federal law. *Conway v. Chemical Leaman Tank Lines, Inc.,* 540 F.2d 837, 838 (5th Cir. 1976); 11 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2883, at 279 (1973). Under the law of this circuit, "[j]ust as the verdict in a civil case need only be more probably than not true, so an error in a civil trial need only be more probably than not harmless." *Haddad v. Lockheed California Corp.,* 720 F.2d 1454, 1459 (9th Cir.1983).

Appellants contend exclusion of evidence of the OSHA regulation requiring use of a restraining device deprived them of an opportunity to establish that Cooper's failure to use such a device was negligence per se, *see J.H. Welch & Son Contracting Co. v. Gardner,* 96 Ariz. 95, 392 P.2d 567, 570 (1964) (violation of a safety statute establishes negligence per se), or at least simple negligence. However, appellants did establish Cooper's negligence. Though they were not permitted to rely upon Cooper's alleged *violation of the OSHA regulation,* appellants presented other evidence of Cooper's negligence and the jury found Cooper contributorily negligent based upon this evidence. Admission of the OSHA

accidents occurring after 1969, when the rim components at issue were manufactured, was not relevant, citing *Dart v. Wiebe Mfg., Inc.,* 147 Ariz. 242, 709 P.2d 876, 881 (1985). However, Cooper did not offer evidence of dissimilar accidents to prove negligence. He offered the evidence only for impeachment and the only issue

is whether admitting it for that purpose was proper.

**2.** Citations are to the OSHA regulations in effect on February 20, 1984, the date of Cooper's accident.

regulation therefore would not have benefited appellants; the jury reached the conclusion for which appellants contended without that evidence. *See Pratico v. Portland Terminal Co.*, 783 F.2d 255, 269 (1st Cir.1985) (Campbell, C.J., dissenting on other grounds) (exclusion of a statute or regulation is of little effect when the jury finds the defendant's conduct was negligent for other reasons).

Appellants argue nonetheless that if the jury had known of the OSHA regulation it might have assessed Cooper's comparative fault at a higher level. We disagree. Statutory and regulatory violations are relevant to a jury's determination of negligence because they represent the community's judgment as to what conduct is reasonable and what conduct is not. *Prosser and Keeton on the Law of Torts* § 36, at 220 (5th ed. 1984); 3 F. Harper, F. James & O. Gray, *The Law of Torts* § 17.6, at 621 (2d ed.1986). In determining the relative fault of the parties, it would have made no difference if the jury was guided by the standard of reasonableness set by the OSHA regulation rather than the standard of reasonableness derived by the jury from other evidence. For purposes of this case, both standards were the same; both required the use of a restraining device and the jury assessed Cooper's share of fault based upon his failure to use such a device.

Exclusion of evidence of the OSHA regulation mandating inspection of multi-piece wheel rims after inflation, 29 C.F.R. § 1910.177(f)(7) (1980), was also harmless. The purpose of inspection is to determine whether the rim has been assembled properly. *See* 29 C.F.R. § 1910.177(f)(7) (1980). Since the jury found Cooper had not been negligent in assembling the rim, it could not have found Cooper's failure to inspect the properly-assembled rim contributed to the accident.

## IV

Appellants argue the conduct of Cooper's counsel in closing argument deprived them of a fair trial requiring a new trial or a remittur. Appellants complain of counsel's calls for the "punishment" of Firestone and Budd despite the directed verdict on punitive damages, counsel's characterization of a low verdict as "a hunting license," and counsel's request that the jury, "through compensation for this man, for this injury, . . . make sure that these people, Firestone and Budd, never forget about [the accident]." [3]

The question is whether counsel's misconduct so permeated the trial as to lead to the conclusion the jury was necessarily influenced by passion and prejudice in reaching its verdict. *Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir.1984). The trial court, which "is in a far better position to gauge the prejudicial effect of improper comments than an appellate court which reviews only the cold record," *id.*, found it was not. As in *Kehr*, the alleged misconduct occurred only in the argument phase of the trial; as in *Kehr*, the remarks were isolated rather than persistent;[4] as in *Kehr*, most of counsel's comments were not objected to at trial and appellants did not move for a mistrial at the end of the argument. Finally, as in *Kehr*, we find, as did the district court, that the award of damages was not excessive. In light of all these factors, we conclude

3. Budd objects to a variety of other remarks and arguments by counsel. Most fall into two categories: references to evidence of other accidents and allegations that appellants suppressed damaging evidence. The evidence of other accidents was properly admitted and the assertions of suppression of evidence were not objected to at trial.

Budd also objects to counsel's references during closing argument to a videotape of an RH5 degree exploding in a laboratory test. The parties had stipulated that the RH5 degree in the film was rigged to explode for demonstration purposes, but counsel asserted in closing argument that the videotape demonstrated that a properly assembled RH5 degree could explode. The district court concluded counsel had made an innocent mistake and advised appellants' counsel to direct the jury's attention to the stipulation in their closing argument. The court thereby cured any error.

4. Appellants describe Cooper's misconduct during closing argument as persistent. However, when the claims of misconduct which have no merit are eliminated, *see supra* note 3, the alleged instances of misconduct are few.

the district court did not abuse its discretion in refusing to grant a new trial or remittur.

AFFIRMED.