127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Forrest L. HENRY, Plaintiff-Appellant,
v.
K.W. PRUNTY, Chief Deputy Warden; B.L. Reed, Chief Deputy
Warden; M.P. Duran, Correctional Sergeant, Defendants,
and
T. LASHLY, Correctional Officer, Defendant-Appellee.
 No. 96-55277.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Decided October 24, 1997.
 
 Appeal from the United States District Court for the Southern District of California IRMA E. GONZALEZ, District Judge, Presiding.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Forrest L. Henry, a California state prisoner, appeals pro se the district court's judgment, after a jury trial, in favor of defendant T. Lashley[1] in Henry's 42 U.S.C. § 1983 action alleging that Lashley subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he closed a cell door on Henry's head and then delayed medical treatment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We have reviewed the record and conclude that there is sufficient relevant evidence that a reasonable juror might conclude that Lashley lacked the requisite culpable state of mind necessary to be guilty of an Eighth Amendment violation.[2] See Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir.1993).
 
 
 4
 The district court did not abuse its discretion by allowing defendant's attorney to comment on the high level of security at Calipatria State Prison. See Cooper v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1107 (9th Cir.1991). There is no merit to Henry's contention that this revelation forced him, in his rebuttal, to tell the jury that lie was convicted of murder.
 
 
 5
 The district court did not abuse its discretion by ruling that a memorandum on opening of cell doors was inadmissible as irrelevant to Henry's case. See Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir.1996). This evidence is also inadmissible as a "subsequent remedial measure" to the extent it was offered to show that defendants' measures to decrease accidents associated with opening cell doors is evidence of their culpability. See Fed.R.Evid. 407.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Lashley's name was misspelled in the initial pleadings, his name has been misspelled in the caption throughout this action. We use the correct spelling of his name in the body of this disposition
 
 
 [2]
 We do not consider Henry's contention of juror misconduct because he raised it for the first time in his reply brief. See Officers for Justice v. Civil Service Comm'n, 979 F.2d 721, 726 (9th Cir.1992) (holding that issues not specifically and distinctly raised and argued in the opening brief are waived and need not be addressed)
 
 
 [3]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal