Scott A. McMILLAN, Plaintiff–
Appellant

v.

Matthew WEATHERSBY, et al.
Defendants–Appellees

No. 01–55270.

D.C. No. 95–CV–3934TW(LAB).

United States Court of Appeals,
Ninth Circuit.

Submitted * Feb. 5, 2002.

Decided Feb. 19, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, and
SILVERMAN, Circuit Judges, and

REED **, District Judge.

MEMORANDUM ***

Appellant Scott McMillan ("McMillan") appeals from a jury verdict returned for Appellee Matthew Weathersby ("Weathersby").

McMillan bases this appeal on four grounds: 1) that the district court erred in denying McMillan's Renewed Motion for Judgment as a Matter of Law on the basis that the verdict was not supported by the evidence; 2) that defense counsel's improper conduct prejudiced McMillan by inflaming the passions and prejudices of the jury; 3) that the district court committed reversible error by refusing to re-open examination of Weathersby; and 4) that the district court committed reversible error by applying a local rule retroactively in taxing McMillan for costs. The parties are familiar with the facts such that we need not recite them here.

## DISCUSSION

### VI. Judgment As A Matter of Law.

A denial of a renewed motion for a judgment as a matter of law is reviewed *de novo*. *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir.2000). Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *See id.*

The basis for McMillan's claim is that Weathersby, a plain clothes police officer, allegedly violated his First Amendment right of free speech by forcing him to move from behind the podium at a press conference where local dignitaries, including Weathersby's boss, the San Diego Chief of Police, were to speak. McMillan asserted Weathersby moved him because he held a sign expressing a viewpoint contrary to that expressed at the press conference.

The parties expressly stipulated to a "Mixed Motive" jury instruction used for retaliatory First Amendment claims, based on the Supreme Court case, *Mt. Healthy v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Under *Mt. Healthy*, McMillan first has the burden to demonstrate that he was engaged in protected conduct, and that his conduct was a substantial or motivating factor in Weathersby's decision to remove him. If McMillan is able to meet his burden, Weathersby has to prove that he would have removed McMillan regardless of McMillan's message.

■ Even if McMillan has met his initial burden under *Mt. Healthy*, sufficient evidence was presented at trial to support the conclusion that Weathersby's decision to tell McMillan to move was motivated by security concerns and not the content of his speech.[1] The district court did not err in denying McMillan's motion for judgment as a matter of law on the basis that

** Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation.

*** This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. McMillan's challenge to the verdict for Weathersby on the two related state claims similarly fails. To the assault and battery charge, Weathersby testified that he never pushed or shoved McMillan and that he never used any force against him. As to the violation of California Civil Code Section 51.7, McMillan's failure to establish that Weathersby's actions were motivated by McMillan's political affiliation debunks any claim he may have had that he was discriminated against on account of it.

the jury verdict lacked evidentiary support.

## II Defense Counsel's Trial Tactics.

McMillan argues that the district court erred in denying a motion for a mistrial, and also that the misconduct of the defense counsel is grounds for reversal. We review a denial of a motion for a mistrial for abuse of discretion, *United States v. Davis,* 932 F.2d 752, 761 (9th Cir.1991), keeping in mind that the trial court is in the best position to evaluate whether a mistrial was necessary. *Kehr v. Smith Barney, Harris Upham & Co., Inc.,* 736 F.2d 1283, 1286 (9th Cir.1984).

Reversal on the grounds of attorney misconduct is rare, and is granted only when the misconduct permeates an entire proceeding such that the jury was necessarily influenced by passion and prejudice in reaching its verdict. *Cooper v. Firestone Tire & Rubber Co.,* 945 F.2d 1103, 1107 (9th Cir.1991). To permeate the trial the misconduct does not have to occur throughout the whole trial, but the jury must have been "necessarily prejudiced." *Bird v. Glacier Elec. Coop., Inc.,* 255 F.3d 1136, 1145 & n. 16 (9th Cir.2001). When the district court gives curative instructions there is a strong presumption that the jury follows those instructions, *Doe v. Glanzer,* 232 F.3d 1258, 1270 (9th Cir. 2000), and the danger of prejudice from improper questions is cured by an immediate objection and curative instructions. *Greer v. Miller,* 483 U.S. 756, 766–67, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987).

■ None of the three main episodes that McMillan offers supports granting a mistrial. McMillan first asserts that defense counsel violated the court's in limine ruling barring reference to McMillan as a

"vexatious litigant" by referring to McMillan's other lawsuits in his opening statement. That the misconduct occurred during an opening statement is relevant. *Kehr,* 736 F.2d at 1286 (stating that the timing of the misconduct is a factor to consider, and finding no misconduct when the statement was in opening arguments). In addition, the court sustained the objection, polled the jury and gave a limiting instruction. Based on these curative measures, this misconduct did not "necessarily cause[ ] the jury to return a verdict based on passion and prejudice." *Greer,* 483 U.S. at 766–67, *Doe,* 232 F.3d at 1270.

■ Next, McMillan claims that defense counsel's questions about BLAM[2], and McMillan's other political affiliations, violated the motion in limine and were improper ad hominem attacks that led the jury to decide against him because they disliked people who were "anti-government."

The district court did not err in allowing this testimony because the motion in limine was very narrow and did not prohibit questioning about BLAM. Further, this line of questioning was not an improper ad hominem attack. Fed.R.Evid. 607 permits the introduction of evidence and questioning to show bias to impeach any witness. *See United States v. Abel,* 469 U.S. 45, 52, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984) (stating that "bias is almost always relevant because the jury ... has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony"). The Supreme Court has held that a witness' and a party's membership in an organization is probative of bias and that a jury may draw inferences that the witnesses subscribe to the tenets of an organization simply be-

---

**2.** BLAM, a political organization McMillan founded, stands for the "Bivens Law Action Movement." Its motto is "Better Government Through Litigation."

cause they are members. *Abel,* 469 U.S. at 48, 52–53; *see also United States v. Sommerstedt,* 752 F.2d 1494, 1499 (9th Cir. 1985) (holding that evidence that witnesses were members of a tax protester organization was properly admitted to show bias).

Defense counsel properly questioned McMillan and his witnesses about BLAM and the bias of his witnesses by establishing their membership in BLAM, an organization that believed in ."Better Government through Litigation," to establish any potential bias that he had, and to allow the jury to evaluate the accuracy and truth of his testimony.

■ Finally, McMillan argues that defense counsel's statement in his closing argument that "plaintiff's counsel, I believe, is somewhat disingenuous with you as was McMillan" was an improper appeal to the jury to make a decision based on prejudice against "anti-government" people. The district court cured any potential prejudice by instructing the jury the arguments of counsel were not evidence, and that if their recollection of the facts differed from the facts as represented by counsel, they were to disregard the statement.

Taken individually or in the aggregate, the episodes are not the type of misconduct that would justify declaring a mistrial, require a reversal, nor were they pervasive enough to lead to the conclusion that the jury's verdict was based on passion and prejudice. The district court did not abuse its discretion.

## III. Refusal To Re–Open Weathersby's Examination.

McMillan claims that the trial court abused its discretion when it denied plaintiff's counsel's request to re-open the examination of Officer Weathersby. We review the district court's decision to re-open examination for abuse of discretion. *See*

*Murray v. Toyota Motor Distributors, Inc.,* 664 F.2d 1377, 1380 (9th Cir.), *cert. denied,* 457 U.S. 1106, 102 S.Ct. 2905, 73 L.Ed.2d 1314 (1982) (scope of redirect examination reviewed for abuse of discretion); *see also United States v. Manning,* 56 F.3d 1188, 1196 (9th Cir.1995) (stating that the district court's admission of evidence is reviewed for an abuse of discretion).

■ The district court properly refused plaintiff's counsel's request. First, the district court found Weathersby's deposition testimony contained no inconsistent testimony that could be used to impeach him. Second, the district court found it unnecessary to recall Weathersby to question him about the number of officers present at the scene because the evidence was available in the record. Third, the district court rejected counsel's request to recall Weathersby to testify about his prior acts of removing the press from prior events because, as the court stated, those prior events "aren't relevant to anything that happened at this event." There was no abuse of discretion in denying the motion.

## IV Retroactive Application of Local Rule Taxing Costs.

This court will only review an issue that has been raised for the first time on appeal under certain narrow circumstances. *Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1063–64 (9th Cir.1996). The circumstances are 1) to prevent a miscarriage of justice, 2) when a change in law raises a new issue while an appeal is pending, and 3) when the issue is purely one of law that does not require a developed factual record. *See id.* The decision to consider an issue not raised below is discretionary, and such an issue should not be decided if it would prejudice the other party. *See Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996).

On appeal, McMillan argues that the district court improperly gave retroactive effect to an amended local rule, taxing him for deposition costs that were not taxable under the local rule in effect when McMillan took the depositions. Although he had the opportunity to do so, McMillan did not raise the issue of retroactivity before the district court.

McMillan moved to re-tax costs that the court ordered him to pay, arguing that the court improperly taxed costs for copies of deposition transcripts that Weathersby did not take. He based his argument on a reading of former Local Rule 54.1(c.3.a) (a provision that was not in effect at the time of the arguments), which only allowed costs to be taxed on depositions taken by the prevailing party. The district court denied the motion, explaining that the Local Rule McMillan cited had been amended on January 1, 2000. The applicable rule, according to the district court, was Local Rule 54.1(b.3.a.), as amended, which allows prevailing parties to recover costs for "an original and one copy of any deposition." That McMillan failed to mention the new rule may indicate he was not aware of it. Regardless, his ignorance does not excuse his failure to properly raise the argument below. Because none of the circumstances in which this court will address an issue not raised below is applicable here, McMillan has waived the argument that the district court improperly gave retroactive effect to the local rule.

## CONCLUSION

The district court properly denied McMillan's motion for judgment as a matter of law because evidence amply supported the jury verdict. The district court

did not err in finding that defense counsel's tactics failed to pervade the trial and prejudice the jury. Finally, the district court did not abuse its discretion in rejecting McMillan's request to recall Officer Weathersby. The judgment of the district court is hereby AFFIRMED.