**Obed NORMAN, Plaintiff–Appellant,**

v.

**State of WASHINGTON; Washington State University Defendants–Appellees.**

**No. 02–35377.**

**D.C. No. CV–00–05774–FDB.**

United States Court of Appeals, Ninth Circuit.

---

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Obed Norman appeals pro se the jury verdict for defendant in his action alleging Washington State University denied him tenure based on his race and in retaliation for filing a charge with the Equal Employment Opportunity Commission. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Norman did not file a Fed. R.Civ.P. 50(b) motion for judgment as a matter of law, we review the jury's verdict for plain error. *Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 888 (9th Cir. 2002). We review for an abuse of discretion the district court's evidentiary rulings. *Defenders of Wildlife v. Bernal,* 204 F.3d 920, 927 (9th Cir.2000). We affirm.

Because we cannot say that there is "an absolute absence of evidence to support the jury's verdict," the district court did not commit plain error in entering judgment for defendants. *See Image Technical Servs. Inc. v. Eastman Kodak Co.,* 125 F.3d 1195, 1212 (9th Cir.1997) (citations ommitted).

Norman contends he was prejudiced because the district court allowed evidence of a sexual harassment investigation against Norman. This contention lacks merit because Norman himself referred to this evidence during his opening statement. *See Defenders of Wildlife v. Bernal,* 204 F.3d at 928 (must show prejudice to warrant reversal based on evidentiary rulings).

Norman also contends he should have been allowed to submit unspecified evidence of discrimination against other minority faculty. This contention fails because Norman did not demonstrate he was prejudiced when the district court disallowed this evidence. *See id.*

Norman's contention that the district court erred by not giving a clear punitive damages instruction to the jury lacks merit because the jury found no liability, and therefore never reached the issue of damages. *Cf. Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 514 (9th Cir.2000) (stating that punitive damages may be awarded only if plaintiff shows defendant violated federal right).

Because Norman never offered a jury instruction on "after acquired evidence," or alleged a breach of contract claim, he has waived the right to raise these issues on appeal. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1110–11 (9th Cir.2001).

Norman's contention that defense counsel and witnesses engaged in misconduct lacks merit. The misconduct he alleged, including vague allegations that defense counsel lied during opening and closing statements, did not permeate the entire proceeding. *See Cooper v. Firestone Tire & Rubber Co.,* 945 F.2d 1103, 1107 (9th Cir.1991) (holding that reversal for misconduct is rare and only granted when misconduct permeates entire proceeding such that jury is "necessarily influenced by pas-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion and prejudice in reaching its verdict"); *see also Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 482 (9th Cir.2000) (holding that the credibility of witnesses is an issue for the jury and generally not subject to appellate review).

Norman's September 9, 2002 request for judicial notice of an amicus-curiae brief is granted.

Norman's request that this court take judicial notice of perjury committed at trial is denied.

Norman's November 8, 2002 motion to remand to the lower court is denied.

Norman's December 2, 2002 motion requesting release from judgment and to supplement the record is denied.

Norman's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.