Michael GALLAGHER, Plaintiff—
Appellant,

v.

CITY OF WEST COVINA, sued only in its official capacity; Kathy Howard; Richard Melendez; Steve Herfert; Ben Wong; Mike Touhey; Frank Wills; Andrew Hischar, (Andy) West Covina Police Officer; Peter Gonzales, City of West Covina Police Officer; Lee Baca; Sasmi Nafoosi, M.D.; Daniel G. Hobbs; Brad Smith, City of West Covina Police Officer; County of Los Angeles, Defendants—Appellees.

No. 03–55391.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided July 27, 2005.

Michael Gallagher, Temple City, CA, pro se.

Steven Kaufhold, Esq., David Lawson, Esq., Akin, Gump, Strauss, Hauer & Feld LLP, San Francisco, CA, for Plaintiff–Appellant.

David D. Lawrence, Esq., Jin S. Choi, Esq., William H. Shin, Esq., Franscell Strickland, et al., Glendale, CA, Martin Stein, Esq., Alison M. Turner, Esq., Barry M. Wolf, Esq., Greines, Martin, Stein and Richland, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Michael Gallagher appeals the denial of his mistrial motion relating to defense counsel's reference to barred evidence in an opening statement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

█ Initially, we note that referencing barred evidence of threats Gallagher allegedly made to his father and Carmen Kenniston prior to his arrest and relayed to police officers who were sent in response was a genuine mistake on the part of defense counsel, which the district court expressly recognized in characterizing the error as a misunderstanding when denying Gallagher's post-trial motion for sanctions. We conclude that any impact of this brief attorney comment did not permeate the entire proceedings, was immediately cured by the court's instruction that lawyer's statements are not evidence, and did not prejudicially undermine the jury verdict. *See Doe v. Glanzer,* 232 F.3d 1258, 1270–71 (9th Cir.2000); *see also Hemmings v. Tidyman's, Inc.,* 285 F.3d 1174, 1193 (9th Cir.2002); *Cooper v. Firestone Tire & Rubber Co.,* 945 F.2d 1103, 1107 (9th Cir. 1991). Moreover, the evidence was not further referenced in the course of the trial.

█ Contrary to the district court's exclusionary ruling, we conclude that the barred evidence was clearly relevant to Gallagher's "excessive force" claim because it explained why the responding officers entered the house with weapons drawn and immediately rolled Gallagher from the sofa to the floor to handcuff him. Evidence of the responding officers' knowledge and state of mind is relevant and admissible to determine the propriety of their actions in effecting his arrest. *See Miller v. Clark County,* 340 F.3d 959, 965 & n. 9 (9th Cir.2003). This includes the their knowledge of the underlying 911 complaint. *See, e.g., Blanford v. Sacramento County,* 406 F.3d 1110, 1116 (9th Cir.2005); *Smith v. City of Hemet,* 394 F.3d 689, 702 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 2938, —— L.Ed.2d —— (Jun 20, 2005). Therefore, the jury should have been allowed to consider the barred evidence to assess the reasonableness of the amount of force the defendants used, and the jury verdict could not have been prejudiced by the opening statement.

Because we conclude that there was no judicial error, we do not reach Gallagher's argument that under *Obrey v. Johnson,* 400 F.3d 691 (9th Cir.2005), the court presumes that an appellant was prejudiced by judicial error unless it "concludes that the verdict is more probably than not untainted by the error." *Id.* at 699 (internal quotation and citation omitted).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.