Michelle **KIM; Jeong Sook Kim, as Guardian ad Litem for Andrew and Daniel Kim, minors, Plaintiffs–Appellants,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

No. 05–35240.

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 20, 2006.*

Filed Oct. 31, 2006.

James C. Buckley, Esq., Paul B. Apple, Esq., Buckley & Associates, Seattle, WA, for Plaintiffs–Appellants.

Christopher J. Knapp, Esq., Anderson Hunter Law Firm PS, Mary E. Bolkcom, Esq., Everett, WA, L. Marshall Smith, Esq., Hanson Marek Bolkcom & Greene, Minneapolis, MN, for Defendant–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON and PAEZ, Circuit Judges, and RAFEEDIE **, District Judge.

## MEMORANDUM ***

Michelle and Jeong Sook Kim ("Kims") appeal the district court's judgment, after a jury trial, in favor of General Motors Corp. ("GM") in the Kims' diversity action under Washington's Product Liability Act. The Kims contend that the district court erred in admitting the statistical evidence regarding vehicle crashworthiness and GMs' compliance with Federal Motor Vehicle Safety Standard 216 ("FMVSS 216"). The Kims also contend that the district court erred in denying their motion for a new trial on the grounds that the jury verdict is against the weight of the evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

▆ The issue of the admissibility of General Motors' expert testimony proffered by Ms. Jeya Padmanaban, which used statistical evidence to compare dissimilar accidents, has been preserved for appeal because the district court thoroughly explored and definitively addressed the admissibility of the evidence in its denial of the plaintiffs' motion *in limine*. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir.1986) (holding that an issue is preserved for appeal so long as it is "thoroughly explored during the hearing on the motion *in limine*, and the trial court's ruling permitting introduction of evidence was explicit and definitive.")

The district court did not abuse its discretion in admitting the evidence of dissimilar accidents. The district court had discretion to admit the statistical evidence of dissimilar accidents proffered by Ms. Pad-

manaban because it was used to rebut the testimony of Kim's expert, Dr. Carl Nash, who concluded that the 2001 Suburban was not reasonably safe on the basis of raw data of dissimilar accidents and an analysis of the Suburban roof structure. *Cooper v. Firestone Tire and Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir.1991) ("[E]vidence of dissimilar accidents may be admitted when relevant to the witness's credibility" that a product is generally safe). The probative value of Ms. Padmanaban's statistical evidence in rebutting Dr. Nash's assertion that the Suburban was not reasonably safe outweighed the prejudicial effect of confusing the issues and misleading the jury. *See id.* ("Although the other-accident evidence may have had some prejudicial effect, it was highly probative of the credibility of the assertion of appellants' experts that the [product] was generally safe.").

▆ We disagree with GM's contention that the Kims did not preserve for appeal the issue of the admissibility of General Motors' compliance with FMVSS 216. The district court specifically ruled that the Kims' objection to the admission of this evidence was "preserved," and told the Kims' that their experts could "talk about [ ] the standard." Therefore, the Kims' subsequent reference to the standard did not waive the issue for appeal. *Cf. Ohler v. United States*, 529 U.S. 753, 758, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000) (holding a challenge to the admissibility of evidence waived where defendant preemptively introduced it but district court never explicitly ruled it preserved). Nonetheless, the district court did not abuse its discretion in admitting the evidence because, as a widely-used safety test, it was both relevant and probative as to the reasonable safety of the vehicle in question.

---

** The Honorable Edward Rafeedie, Senior Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Indeed, the Kims' own expert testified that compliance with standard 216 was a factor in his evaluation of the vehicle's safety.

█ The district court did not abuse its discretion in denying the motion for a new trial on the ground that the jury verdict was against the weight of the evidence, because the court did not commit legal error and the record contains ample evidence in support of the verdict. *Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1372 (9th Cir.1987) (holding that reversal for legal error is appropriate when "(1) the trial court believes it lacks the power to grant a new trial, (2) it concludes that it may not weigh the evidence, (3) it weighs the evidence explicitly against the wrong standard ..., or (4) it concludes the verdict is against the clear weight of the evidence but refuses to grant a new trial.") (citations omitted).

**AFFIRMED.**