Atze AKKERMAN, Plaintiff–Appellant,

v.

**MECTA CORPORATION,**
Defendant–Appellee.

No. 05–56886.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2007.

Filed Aug. 23, 2007.

Kendrick L. Moxon, Esq., Moxon & Kobrin, Los Angeles, CA, for Plaintiff–Appellant.

---

* Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

Roy G. Weatherup, Esq., Caroline E. Chan, Esq., Joseph C. Owens, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: KOZINSKI and TALLMAN, Circuit Judges, and SANDOVAL,* District Judge.

## MEMORANDUM **

In this products liability action, Atze Akkerman is suing MECTA Corporation for injuries allegedly sustained in December 1999 and January 2000 through electroconvulsive therapy ("ECT") treatments administered by treating physicians using a device manufactured by MECTA. A jury returned a defense verdict. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ **1.** As a preliminary matter, Akkerman claims that the district court effectively precluded argument on objections by disallowing argument in front of the jury. We find that the district court's requirement that counsel respond to objections during breaks, outside the presence of the jury, was not an abuse of discretion. *See United States v. Galin,* 222 F.3d 1123, 1126–27 (9th Cir.2000); *United States v. Adames,* 56 F.3d 737, 744 (7th Cir.1995).

■ **2.** Plaintiff challenges numerous mid-trial evidentiary rulings that excluded testimony as irrelevant. The majority of these rulings were correct. Over the course of a ten-day jury trial involving over twenty witnesses, inevitably a few

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

rulings will be erroneous. We find those that were did not result in prejudice, *see Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir.2001), given the strength of the defendant's case.

■ 3. Plaintiff argues that the district court erroneously excluded bodies of evidence on the grounds that it was "anecdotal." Under Federal Rules of Evidence 401 and 402, a "showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir.1991). Because plaintiff did not establish substantial similarity, the trial court correctly excluded "anecdotal" evidence offered in plaintiff's case-in-chief.

■ We have held that evidence of dissimilar accidents may be admitted for impeachment purposes when relevant to a witness's credibility. *Id.* We find that some of the district court's evidentiary rulings as to questions asked of Dr. C. Edward Coffey, defendant's neuropsychiatric expert, were erroneous. However, given the full scope of Dr. Coffey's testimony, we find that any error was not prejudicial. *See Freeman*, 253 F.3d at 536.

■ 4. Plaintiff argues that the Cottage Hospital records should have been admitted as public records and reports under Federal Rule of Evidence 803(8)(c). The records at issue were not drafted by a public office or agency, but by Cottage Hospital and submitted to a government agency pursuant to state law. Therefore, they were not admissible under Rule 803(8)(c). *See Brown v. Sierra Nevada Mem'l Miners Hosp.*, 849 F.2d 1186, 1189–90 (9th Cir.1988).

■ 5. Plaintiff challenges the district court's rulings precluding certain testimony from plaintiff's expert neurologist, John Friedberg, M.D. Since Dr. Friedberg's opinions were not derived from independent research and cannot be fairly characterized as having been subjected to peer review, "the party proffering the evidence must explain the expert's methodology and demonstrate in some objectively verifiable way that the expert has both chosen a reliable scientific method and followed it faithfully." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 n. 11 (9th Cir.1995). Plaintiff made no such showing. Therefore, the trial court did not clearly err in refusing to allow Dr. Friedberg to opine as to specific causation and whether the risks of ECT outweigh its benefits.

Our review of the record demonstrates that the district court allowed some testimony regarding the physiological effects of ECT and, to a limited extent, testimony regarding general causation. Therefore, to the extent that the district court may have erred in excluding additional testimony regarding the nature of ECT and general causation, we find any such error harmless.

■ 6. Plaintiff argues that MECTA's expert neurological psychologist, Jeffrey Schaeffer, Ph.D., was not qualified to offer an opinion as to specific causation, because he has had no training or experience with ECT and is not a physician. "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Here, the district court's decision to allow Dr. Schaeffer to testify on specific causation was not manifestly erroneous. *See United States v. Decoud*, 456 F.3d 996, 1013 (9th Cir.2006).

■ 7. We agree with the district court that the facts of this case do not lend themselves to application of the consumer expectation test. *See Soule v. Gen. Mo-*

tors Corp., 8 Cal.4th 548, 568–69, 34 Cal. Rptr.2d 607, 882 P.2d 298 (1994). Given that the medical world does not understand how ECT works—and that the ECT machine itself is a complicated device—a lay person would have no reasonable expectation as to how "safe" the product should be. See, e.g., Morson v. Superior Court, 90 Cal.App.4th 775, 791–95, 109 Cal. Rptr.2d 343 (2001); Pruitt v. Gen. Motors Corp., 72 Cal.App.4th 1480, 1483–85, 86 Cal.Rptr.2d 4 (1999).

■ 8. The district court's admonishment to the jury regarding the status of the National Council on Disabilities did not constitute reversible error. The citations to the record identified by plaintiff's counsel only show that counsel referred, in his questions to witnesses, to the National Council on Disabilities as a federal agency. No witness so testified.

**AFFIRMED.**