
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNICOLORS, INC., | No. 15-55507 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-01029-SJO-VBK |
| v. |  |
|  | MEMORANDUM[*] |
| URBAN OUTFITTERS, INC., et al, |  |
| Defendants-Appellants. |  |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted January 13, 2017
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and ORRICK[**], District Judge.

Urban Outfitters, Inc. and Century 21 Department Stores, LLC (collectively "Urban") appeal the judgment against them in a copyright infringement case involving fabric designs. The district court granted plaintiff Unicolors's motion for summary judgment on the issue of copyright infringement and, following a two-day trial, a jury found Urban liable for willful infringement. In a published opinion filed concurrently with this memorandum disposition, we reject Urban's arguments that the district court erred in granting summary judgment because it improperly applied the subjective "intrinsic test" and improperly concluded that Unicolors had validly registered the Subject Design, and we uphold the jury's verdict on willful infringement.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable William H. Orrick, United States District Judge for the Northern District of California, sitting by designation.

Here, we consider the district court's rulings on a variety of Urban's objections to evidentiary and procedural matters. Review of the district court's evidentiary rulings is for abuse of discretion. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not rely on inadmissible evidence in assessing substantial similarity at summary judgment. Urban objects to the district court's purported reliance on "Exhibit 1," an unauthenticated comparison exhibit prepared by Unicolors's counsel. Urban's argument is not supported by the record. The record clearly shows that the district court did not rely on Exhibit 1 in its order granting summary judgment. Instead, it relied on Exhibits 3 and 5, which were properly authenticated and admissible.[1]

The district court did not abuse its discretion in excluding evidence of Unicolors's prior copyright infringement lawsuits, which Urban hoped to offer in support of an unclean hands defense. Evidence of prior lawsuits should be excluded when the possible prejudice to a party outweighs any probative value. *See* Fed. R. Evid. 403. We have noted that "[t]he attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). Urban presented no evidence that Unicolors's prior lawsuits were fraudulent and merely speculated that they were brought as part of a copyright-trap conspiracy. The low probative value of this evidence was outweighed by the likely prejudice to Unicolors. The district court was well within its discretion to exclude it.

Nor did the district court abuse its discretion in refusing to admit the deposition testimony of Jonathan Rho. Although Rule 804 creates a hearsay exception for deposition testimony by declarants who are unavailable to be witnesses at trial, Rule 804 also defines "unavailable" as when the declarant "is absent from the trial . . . and the statement's proponent has not been able,

---

[1]    Counsel for Urban consistently misrepresented the district court record on this issue, insisting in its opening brief and reply that the district court relied exclusively on Exhibit 1 despite clear record evidence to the contrary. Counsel's repeated misrepresentation on this point and refusal, at oral argument, to admit to any mistake was inappropriate and unprofessional.

by process or other reasonable means, to procure the declarant's attendance." Fed. R. Evid. 804(a)(5)(A). Urban failed to use reasonable means to procure Rho's attendance; it did not seek to determine whether Unicolors would make Rho available as a witness until two weeks before trial and only began attempting to serve Rho four days before trial. The district court did not abuse its discretion in concluding that Rho's deposition testimony was inadmissible under Rule 804(a)(5)(A) because Urban failed to show that he was "unavailable."

The district court also did not abuse its discretion in refusing to issue a jury instruction on Urban's estoppel defense. Estoppel is an equitable defense that the court, not the jury, must decide. *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996). Because Urban's jury instruction on estoppel would have been superfluous, misleading, and inappropriate, the district court properly declined to offer it.

Finally, the district court did not commit reversible error by permitting Unicolors to elicit testimony from Urban's trademark-valuation expert indicating that he had been previously retained by Urban. Unicolors's questioning of the expert did not clearly violate the *in limine* order barring evidence of prior lawsuits. The exchange challenged by Urban was ambiguous and left unclear whether Urban's expert had been previously retained with regard to a lawsuit or for some other purpose, so it did not clearly violate the *in limine* order.

Further, even if the admission of the expert testimony could be construed as error, it was harmless. Although prejudicial errors require reversal, harmless errors do not. *Copper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1106 (9th Cir. 1991). Contrary to Urban's assertion, Unicolors presented substantial evidence to support a finding of willful infringement— which may be based on "merely reckless behavior." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir.2008) (internal quotation marks omitted). Given that evidence, it is not plausible that Urban's expert's three-word response to an ambiguous question impacted the jury's conclusion.

Appellants shall bear the costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**