NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AREF YOUSEFI, | No.   15-35549 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01632-RSL |
| v. | |
| DELTA ELECTRIC MOTORS INC., a Washington Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted September 1, 2017**
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and FOOTE,*** District Judge.

Aref Yousefi brought this action against his former employer, Delta Electric

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Motors Inc. ("Delta"), alleging that he was subjected to a hostile work environment. Following a nine-day jury trial, Yousefi seeks a new trial due to statements made by defense counsel during closing arguments and the exclusion of two exhibits from the jury room. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Yousefi argues that defense counsel's closing argument means that a new trial is warranted. The district court's control of closing arguments is reviewed for abuse of discretion, *Larez v. Holcomb*, 16 F.3d 1513, 1520–21 (9th Cir. 1994), and a new trial is warranted if the improper statements "so permeated the trial as to lead to the conclusion the jury was necessarily influenced by passion and prejudice in reaching its verdict," *Cooper v. Firestone Tire and Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991).

According to Yousefi, Delta's counsel misled the jurors by saying that the actions of some Delta employees occurred before the filing periods mandated by the statutes of limitations governing Yousefi's claims. The district court gave specific and clear instructions on how these statutes of limitations affected Yousefi's claims. Yousefi does not challenge the court's instructions, and he agrees it was his burden to show that at least one act or statement contributing to the hostile work environment occurred during the applicable filing periods. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108–13 (2002). Counsel's

isolated statements about Brian Thornton merely emphasized that none of Thornton's alleged actions could count as the act or statement that occurred within the filing periods. To the extent that Yousefi also challenges counsel's failure to mention a statement allegedly made in 2011 by Joseph DiPietro, it is not defense counsel's responsibility to mention evidence favorable to the plaintiff in a closing argument. The district court did not abuse its discretion by not giving a specific curative instruction.

Yousefi also fails to establish prejudice. The court admonished the jurors that "the law is not what [the lawyers] put up on a chart necessarily" and stressed that "of course the instructions control" if the lawyer's statements are "inconsistent with the instructions." Given these clear instructions and the isolated nature of counsel's statements, Yousefi has not overcome the "almost invariable assumption of the law that jurors follow their instructions." *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

Yousefi next argues that a new trial is necessary because the district court did not provide the jurors with two exhibits during their deliberations. We review the decision to exclude exhibits from jury deliberations for abuse of discretion and will not reverse unless the exclusion resulted in prejudice. *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1418 (9th Cir. 1988).

The district court did not abuse its discretion by excluding Yousefi's letter to

Delta (Exhibit 51). The letter, which was offered for the limited purpose of showing notice even though notice was not disputed, consisted of Yousefi's own hearsay. Not only may a witness not offer his own written hearsay statements at trial to bolster his own credibility, *see* Fed. R. Evid. 801(a)–(c), 802, but there was no prejudice because the jury repeatedly viewed the letter at trial and the events described in the letter were the subject of extensive live testimony.

Nor did the district court abuse its discretion by excluding Yousefi's outline to his Union representative (Exhibit 50). Like the letter, the outline contained Yousefi's own hearsay. But unlike the letter, the outline could not show notice because it is undisputed that Yousefi never gave Delta the outline. The allegations contained in the outline were also essentially identical to those in the letter, which the jury repeatedly viewed at trial.

**AFFIRMED.**