**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENNIE HAMILTON, | No. 19-56130 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00717-R-JPR |
| v. | |
| EXECUTIVE PROCESS, LLC, DBA E-Z Messenger, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Bennie Hamilton appeals pro se from the district court's summary judgment

in his diversity action alleging state law claims arising from an independent

contractor agreement.  We have jurisdiction under 28 U.S.C. § 1291.  We review

for an abuse of discretion the district court's application of its local rules.  *Bias v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).  We affirm.

The district court did not abuse its discretion in rejecting Hamilton's summary judgment response as untimely under its local rules.  *See* C.D. Cal. L.R. 7-9 (deadline for opposition papers), 7-12 (failure to file required documents); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("district court has considerable latitude in managing the parties' motion practice and enforcing local rules").

To the extent that the district court abused its discretion in rejecting the second amended complaint as untimely, any error was harmless.  *See Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1106 (9th Cir. 1991) (if any error is harmless, it does not require reversal).

We reject as without merit Hamilton's contentions concerning electronic service, the rejection of discovery-related motions, and alleged procedural defects with defendants' summary judgment motion.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**