**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRYSTAL HOLMES, | No. 19-56200 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-03739-PSG-E |
| v. | |
| ROSALINA HARRIS, in her individual and official capacity, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| DEAN HARRIS, an individual; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted April 16, 2021[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[***] District Judge.

Rosalina Harris appeals the denial of her motion for a new trial, renewed motion for judgment as a matter of law, and a punitive-damages award entered against her. We have jurisdiction under 28 U.S.C. § 1291.

Harris brought a motion under Rule 50(a) of the Federal Rules of Civil Procedure before the case was submitted to the jury, but failed raise her claim that she is protected by qualified immunity in that motion. Rather, she raised this claim for the first time in her renewed motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure. Harris argues that she could not raise her qualified immunity claim earlier because the jury first had to resolve factual conflicts, but we have held that "[w]hen a qualified immunity claim cannot be resolved before trial due to a factual conflict," the defendant must still raise qualified immunity claim in a Rule 50(a) motion in order "to preserve the legal issue for determination after the jury resolves the factual conflict." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009). Because Harris failed to preserve her qualified immunity claim, it is waived.

---

[***] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Sufficient evidence supports the jury's verdict. Construing the evidence in the light most favorable to the nonmoving party, *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1036 (9th Cir. 2018); *E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997), the jury could have concluded that Harris was acting under color of law during the incident based on Harris's call to the Altadena Sheriff's Station in which she identified herself as a law enforcement officer, and Harris's discussion with Sergeant Nebel before he assessed the scene, in a manner made possible only because of her status as a law enforcement officer. The jury could also have concluded that there was no probable cause that Holmes had committed a crime, because the officers on the scene who first investigated the incident and interviewed the witnesses reached that conclusion. Although Sergeant Nebel advised the officers to arrest Holmes, the jury could have concluded that Sergeant Nebel had no additional factual basis for reaching that conclusion.

The district court did not abuse its discretion by declining to order a new trial based on a line of questions that Holmes's counsel asked Harris concerning indemnification of attorneys' fees. The court sustained Harris's objections to those questions, and Harris did not answer them. The unanswered questions do not constitute prejudicial misconduct justifying a new trial on damages. *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991). Nor was any

3

other evidence or information regarding indemnification presented to the jury. *Cf. In re Exxon Valdez*, 229 F.3d 790, 798 (9th Cir. 2000).

Finally, we affirm the award of punitive damages. The punitive-damages award was not unconstitutionally excessive, because it is undisputed on appeal that Harris's conduct was reprehensible, the ratio of punitive to compensatory damages (less than 2 to 1) is well within a constitutionally permissible limit, neither party cites comparable cases, and Harris's ability to pay is a neutral factor because it is unknown whether the County will indemnify her. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574–84 (1996); *see also Rodriguez v. County of Los Angeles*, 891 F.3d 776, 806 (9th Cir. 2018).[1]

**AFFIRMED.**

---

[1] Holmes's motion to dismiss or summarily affirm, Dkt. No. 30, is denied.