**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLOYD DEWAINE SCOTT,

              Plaintiff-Appellant,

   v.

J. PALMER; et al.,

              Defendants-Appellees.

No. 15-17113

D.C. No. 1:09-cv-01329-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted April 11, 2017[***]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

     California state prisoner Floyd Dewaine Scott appeals pro se from the

district court's judgment following a jury verdict in favor of defendants in Scott's

42 U.S.C. § 1983 action alleging Eighth Amendment excessive force and failure-

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

     [***]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to-protect claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's conduct of voir dire. *Paine v. City of Lompoc*, 160 F.3d 562, 564 (9th Cir. 1998). We affirm.

The district court did not abuse its discretion by declining to excuse Prospective Juror No. 15 for cause after she confirmed that she did not recognize defendant Rivera. *See Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1219-20 (9th Cir. 1997) (a party "can only succeed on a challenge for cause by showing that [a juror] was actually biased").

The district court did not abuse its discretion by instructing the jury, after each of Scott's objections during defense counsel's argument, to rely on its recollection of the evidence and that counsel's argument was not evidence. *See Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991) ("The question is whether counsel's misconduct so permeated the trial as to lead to the conclusion the jury was necessarily influenced by passion and prejudice in reaching its verdict."); *United States v. Spillone*, 879 F.2d 514, 518 (9th Cir. 1989) (setting forth standard of review for district court's control of closing arguments).

Scott failed to preserve his challenge to the sufficiency of the evidence by not moving for a judgment as a matter of law prior to the jury's verdict. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) ("In order to preserve a challenge to the sufficiency of the evidence to support the verdict in a

civil case, a party must make two motions. First, a party must file a pre-verdict motion pursuant to Fed. R. Civ. P. 50(a). Second, a party must file a post-verdict motion for judgment as a matter of law . . . ." (citations omitted)); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants are held to same procedural rules as litigants with counsel).

We reject as unsupported by the record Scott's other contentions regarding prejudicial errors during the trial.

We do not consider Scott's contention that the district court erred by failing to dismiss the entire jury pool after Prospective Juror No. 5 stated his opinion about inmates' rights. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e will not consider arguments that are raised for the first time on appeal.").

**AFFIRMED.**

15-17113